NOT FOR PUBLICATION                                          CASE CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CITY OF ELIZABETH, a Municipal Corporation, J. CHRISTIAN BOLLWAGE, Mayor and Resident of the City of Elizabeth, JOHN DOES 1-100, Residents of the City of Elizabeth, | : : : : : : : | Civil Action No. 07-4240 (SDW) |
| Plaintiffs, | : : | |
| v. | : : | **OPINION** |
| MARION C. BLAKEY, in her official capacity as Administrator, Federal Aviation Administration, and the FEDERAL AVIATION ADMINISTRATION, an Agency of the United States, | : : : : : : : | December 14, 2007 |
| Defendants. | : : | |

**WIGENTON, District Judge**

Before the Court is the defendants Federal Aviation Administration, et al.'s ("Defendants" or "FAA") motion to dismiss the Complaint ("Motion to Dismiss") of the plaintiff, the City of Elizabeth, et al. ("Plaintiffs" or "City"), for lack of jurisdiction. In response to the Motion to Dismiss, Plaintiffs filed opposition and a cross-motion for preliminary injunction ("Cross-Motion").

Pursuant to Federal Rule of Civil Procedure 78, the Court decides this motion without oral argument. For the reasons set forth below, the Court will dismiss this matter for lack of jurisdiction.

1

**Background**

The FAA issued a Final Environmental Impact Statement ("EIS"), dated July 2007, for the Metropolitan Area Airspace Redesign. (Compl. ¶ 7.) The stated purpose of the EIS is to "increase the efficiency and reliability of the airspace structure and system by modifying existing aircraft routes and air traffic control procedures used in the NY/NJ/PHL Metropolitan Region." (Compl. ¶ 7.) The EIS stated the FAA's preferred alternative, which involves "departure headings changes for Runway 22 at Newark Liberty International Airport, a portion of which is located within the City of Elizabeth" ("Preferred Alternative"). (Compl. ¶ 9.) Plaintiffs claim that the FAA's Preferred Alternative "will have a significant adverse noise impact upon the City of Elizabeth and its residents" and that the FAA's EIS fails to provide adequate disclosure of the noise impact. (Compl. ¶¶ 10-11.)

The Plaintiffs' Complaint refers only to the EIS and alleges violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq. and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. Further, Plaintiffs claim that this Court has jurisdiction to adjudicate its claim under NEPA and the APA. Defendants filed the Motion to Dismiss for lack of jurisdiction. Plaintiffs filed opposition and a Cross-Motion for a preliminary injunction to prevent implementation of the Metropolitan Area Airspace Redesign until additional environmental documentation and assessment are completed. (Pls.' Br. Opp'n. at 2.) Subsequent to the filing of Plaintiffs' initial brief in this matter, Plaintiffs learned that the "FAA plans to implement its fanned departure headings off [Newark Airport] Runway 22L/R on December 17, 2007." (Pls.' Reply Br. at 2.) As a result, Plaintiffs have recently filed an application for a temporary restraining order, enjoining and restraining Defendants from fanned departure headings off Newark Airport, which

would commence on December 17, 2007.

**Legal Standard**

In a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), no presumption of truthfulness attaches to the allegations in the complaint and the court may consider matters outside the pleadings such as affidavits and other material properly before the court. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). In a Rule 12(b)(1) motion, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891. The plaintiff must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).

**Discussion**

Defendants argue the following: (1) the Court of Appeals has exclusive jurisdiction to review the final order of the FAA approving the Metropolitan Area Airspace Redesign; and (2) federal courts do not have jurisdiction to review an EIS in the absence of final federal agency action. (*See generally* Defs.' Mem. of Law; Defs.' Reply Br.) In opposition, Plaintiffs' primary focus is on alleged inadequacies in the EIS and they assert that this Court does have jurisdiction to hear these

3

claims regarding the EIS.  (*See generally* Pls.' Br. Opp'n; Pls.' Reply Br.)

The FAA's EIS was prepared to comply with NEPA.  (Compl. ¶ 8.)  NEPA requires federal agencies to "include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official . . . ." 42 U.S.C. § 4332(2)(C).  Pursuant to NEPA, such a "statement" should address, among other things, the environmental impact of the proposed action, any adverse environmental effects which cannot be avoided and alternatives.  *See id.*  NEPA requires such disclosures, but does not create a private right of action.  *Id.*  "Accordingly [plaintiff] must rest its claim for judicial review on the Administrative Procedure Act.  Section 704, however, allows review only of final agency action." *Public Citizen v. U.S. Trade Representative*, 5 F.3d 549, 551 (D.C. Cir. 1993).

The FAA took action on the proposed Metropolitan Area Airspace Redesign the day after Plaintiff filed its Complaint. (Defs.' Mem. of Law at 2.)  "On September 5, 2007, an FAA Official . . . acting under authority delegated to him by the FAA Administrator, signed a Record of Decision [("ROD")] approving the Airspace Redesign and directing that this proposal be implemented."[1] (Defs.' Mem. of Law at 2- 3.)  Defendants point out that the "complaint, having been filed one day earlier, makes no reference to this final agency action." (Defs.'Mem of Law at 3.)  Defendants argue that Plaintiffs filed the matter before this Court prematurely by seeking review of only the EIS and making no reference to the final agency decision approving the action studied in the EIS, the ROD.

Assuming the Complaint does incorporate the later agency action, the ROD, Defendants assert that this Court does not have jurisdiction to adjudicate this matter as review of final agency

---

[1] A "Corrected ROD", dated September 28, 2007, was issued by the FAA. (Pls.' Br. Opp'n at 1.)

action is limited to review in the Court of Appeals. Defendants assert that the Court of Appeals has exclusive jurisdiction over these disputes under 49 U.S.C. § 46110(a). (Defs.' Reply Br. at 2.)

On October 31, 2007, Plaintiffs filed "a Petition for Review in the U.S. Court of Appeals for the Third Circuit expressly challenging the FAA's Record of Decision." (Defs.' Reply Br. at 1.) While it appears Plaintiffs acknowledge that the appropriate forum is the Court of Appeals, Plaintiffs contend,

> [t]he apparent lack of finality of FAA's ROD is itself reason why this Court should enjoin FAA from undertaking any actions to implement FAA's Metropolitan Area Airspace Redesign set forth in the EIS and ROD and maintain the status quo at Newark Airport until the information requested and issues raised in Plaintiffs' Complaint have been provided and addressed . . . .

(Pls.' Br. Opp'n at 9.)

When determining whether an agency action is "final", "[t]he dispositive question is whether the action the agency action was the definitive statement on the subject matter it addressed." *City of Alexandria v. Fed. Aviation Admin.*, 728 F.2d 643, 646 (1984); *see also City of Rochester v. Bond*, 603 F.2d. 927, 935 (D.C. Cir. 1979).

> A United States Court of Appeals has no jurisdiction to review nonfinal orders of . . . the Federal Aviation Administration (FAA) . . . If an order provides a definitive statement of the agency's position, has a direct and immediate effect on the day to day business of the party asserting wrongdoing and envisions immediate compliance with its terms, it is a final order.[2]

8A Am. Jur. 2d Aviation § 25. Thus, Defendants assert that the EIS standing alone is not subject to judicial review and that the ROD is a final order subject to review exclusively by the Court of

---

[2] Notably, the Administrative Procedure Act provides an expansive definition of "order," stating that "order" "means the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency." 5 U.S.C. § 551(6).

Appeals. (Defs.' Mem. of Law at 8-9.)

Plaintiffs contend that a "Petition for Review of the 'Final' ROD, which this case is not, is a separate issue, and should be addressed by the Court of Appeals." (Pls.' Br. Opp'n at 3.) Plaintiffs' matter before this District Court focuses on the EIS. Plaintiffs argue that the "EIS issued by the FAA is not a final agency order subject to 49 U.S.C. § 46110(a)," as it is not the "consummation of the agency's decision making process"; and further, only final orders are subject to review by the Court of Appeals. (Pls.' Br. Opp'n at 13-14.) Rather, Plaintiffs assert that an "EIS is a 'final agency action' under the federal [APA]," and that there is a right to judicial review of an EIS under the APA.[3] (Pls.' Br. Opp'n at 15.)

Plaintiffs' claim that the "FAA's 'Final' ROD, if it is final at all, is based on a flawed EIS." (Pls.' Br. Opp'n at 2.) Plaintiffs emphasize the deficiencies in the EIS to support their claim that the FAA failed to comply with the NEPA requirements regarding the issuance of the statement, and thus, claim the district court has jurisdiction to review this matter.[4] (Pls.' Br. Opp'n at 1-3.) However, a final order was issued by FAA and this Court will not ignore the ROD.

As discussed, the Court of Appeals has exclusive jurisdiction to review final orders. The district court may not exercise concurrent jurisdiction merely because a violation of NEPA is alleged.

---

[3] Plaintiffs assert that an "EIS is a 'final agency action' under the federal Administrative Procedure Act," citing *Izaak Walton League of America v. Marsh*, 655 F.2d 346, 369 (D.C. Cir. 1981) and *Oregon Envtl. Council v. Kunzman*, 614 F.Supp. 657 (D.Or. 1985). (Pls.' Br. Opp'n at 15.) This assertion seeks to address issues of ripeness with regard to the initiation of this suit based solely on the EIS and the right to judicial review of the EIS under the APA. However, as a ROD has been issued, the Court will not review jurisdictional issues regarding the EIS as if the FAA had not issued a final order. Plaintiffs' cite several cases that are distinguishable from this instance, where they request review of an EIS standing alone and a final order has been issued. (Pls.' Br. Opp'n at 15.)

[4] Defendant does assert that the FAA's EIS and ROD are based on over nine years of environmental study and the redesign project included "extensive public involvement with over 95 public meetings between 1999 and 2007." (Defs.' Reply Br. at 9.)

6

*See City of Rochester*, 603 F.2d at 936. Further, "[i]f there is any ambiguity as to whether jurisdiction lies with a district court or with a court of appeals we must resolve that ambiguity in favor of review by the court of appeals." *Suburban O'Hare Comm'n v. Dole*, 787 F.2d 186, 192 (7th Cir. 1986). As the ROD is based on the EIS, has been issued, and provides a definitive statement as to the agency's position, this Court does not have jurisdiction to hear Plaintiffs' claims.

**Conclusion**

The Court, having reviewed the submissions of the parties and the applicable case law, concludes that it does not have jurisdiction to hear this matter.

The Court hereby **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiffs' Cross-Motion for Preliminary Injunction.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.